## HOLLAND RUSK CO., Inc., v. DIEDERICH.

(Court of Appeals of District of Columbia. Submitted January 17, 1927. Decided March 7, 1927.)

No. 1924.

Trade-marks and trade-names and unfair competition ⊜▭43—Registration of windmill scene and word "Holland" held not to preclude registration of Dutch couple scene, with words "Old Dutch Rusk."

Opposer's registration of trade-mark, consisting of windmill scene and word "Holland," for use on rusk, *held* not to preclude another's registration of mark, consisting of boy and girl dressed in Dutch costume, standing beside country road eating rusk, used in combination with words "Old Dutch Rusk."

Appeal from the Commissioner of Patents.

Application by Henry Diederich for registration of trade-mark, opposed by the Holland Rusk Company, Inc. From a decision of the Commissioner of Patents, overruling the opposition, opposer appeals. Affirmed.

F. E. Liverance, Jr., of Grand Rapids, Mich., for appellant.

A. F. Nathan, of New York City, for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and GRAHAM, Presiding Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. This is an appeal from concurring decisions of the Patent Office overruling appellant's opposition to the registration of a trade-mark applied for by appellee. It is conceded that the goods of the respective parties are identical in character, and the opposition is based upon the claim that appellee's trade-mark is deceptively similar to certain registered trademarks in prior use by appellant.

Both of the respective parties bake and sell rusk, which is a light, soft bread, often crisped in an oven. It is said that the article first became popular in Holland, and that it finds a large sale in this country

among people of Dutch descent, and that the appellant has been engaged in this business for about 30 years, and has established a valuable trade and good will for the commodity. The appellee has been engaged in the trade in this country since about 1916, when he immigrated from Holland, where he had carried on a similar trade for many years.

In the year 1906 the appellant obtained trade-mark registration of the word "Holland," under the 10-year clause of the Act of February 20, 1905 (33 Stat. 724), and subsequently in the same year obtained an additional registration of a picture portraying a windmill scene, and made use of the marks generally in combination. Appellant also advertised its rusk under such names as "Famous Dutch Food" and "Dainty Dutch Toasted Biscuit," as well as other descriptions containing the name "Dutch." Appellant, however, has not shown any exclusive right to these descriptions.

Afterwards, to wit, in the year 1923, the appellee obtained a registration of its trade-mark for rusk, displaying a picture of a boy and girl dressed in Dutch costume, standing beside a country road and eating rusk. The appellee also applied for a registration of substantially the same country scene in combination with the words "Old Dutch Rusk." It is this latter application which was opposed by appellant as deceptively similar to its prior trade-marks aforesaid, and that is the issue involved in this appeal.

The Commissioner of Patents, affirming the decision of the Examiner of Interferences, held against appellant's opposition, saying in part:

"So far as the words 'Old Dutch' are concerned, they are descriptive, and applicant has disclaimed them, save in connection with the rural scene. Viewing applicant's combined mark as a whole, it is not believed there would be confusion in trade, if it appeared upon packages of rusk in the same market with the opposer's mark 'Holland,' or the mark consisting of the representation of the windmill."

We agree with this decision. The applicant is entitled under the first registration to use the picture of the Dutch boy and girl at the side of the road as his trade-mark, and that specific mark, viewed alone, is not involved in this opposition. The sole question raised by the opposition is whether applicant may add the words "Old Dutch Rusk" to this picture. The applicant disclaims the use of these words, except in connection with the picture, and we think there is such a dis-

similarity in appearance between the picture used by appellant in connection with the word "Holland," and that used by appellee in connection with the words "Old Dutch Rusk," as to make confusion in the trade unlikely.

The decision of the Commissioner of Patents is accordingly affirmed.